### UNITED STATES *v.* BYRNE.

*(Circuit Court, S. D. New York.  May 19, 1881.)*

1. INTERNAL REVENUE—FRAUDULENT RECTIFICATION OF SPIRITS—EVIDENCE—REV. ST. § 3317—20 ST. AT LARGE, 339.

   In a prosecution, by information, for the violation of section 3317 of the Revised Statutes, as amended by the act of March 1, 1879, (20 St. at Large, 339,) evidence that the defendant had in his possession a rectifying apparatus, and that illicit spirits had been conveyed to said apparatus in ale barrels, and, in the presence of the defendant, poured into the receiving tub of such apparatus on two different occasions, under suspicious circumstances, is sufficient to justify a jury in finding that the defendant was then carrying on the business of a rectifier, with intent to defraud the government of the tax on the spirits there and then rectified by such defendant.

**2. SAME—RECEIPT OF DISTILLED SPIRITS—REV. ST. § 3317—20 ST. AT LARGE, 339.**

　　The receipt of distilled spirits produced at and removed from an illicit distillery, are within the scope of section 3317 of the Revised Statutes, as amended by the act of March 1, 1879.

**3. SAME—AVERMENT IN INFORMATION—PROOF.**

　　An averment in such information that the spirits were received from some person or persons to the district attorney as yet unknown, was not necessary to a prosecution under the statute, and did not require to be proved.

**4. SAME—INFORMATION—TRIAL—JUROR.**

　　Upon the trial of such information, the defendant cannot object to the empanelling of a jury upon the ground that a juror whose name was drawn from the jury-box in due order of lot, to try said defendant, had departed the court without leave before said jury had been empanelled.—[ED.

Information.　Motion in arrest of judgment and for a new trial.

BENEDICT, D. J.　The defendant was prosecuted under Rev. St. § 3317, as amended by the act of March 1, 1879, (20 St. at Large, 339,) by an information containing three counts, and was convicted upon the first and third counts. In the first count he was charged with having carried on the business of a rectifier of distilled spirits at a certain time and place, with intent to defraud the United States of the tax on distilled spirits rectified by him. In the third count he was charged with having received at a certain time, at No. 523 West Twenty sixth street, in this city, from some person, to the district attorney unknown, certain spirits which had been unlawfully removed from a distillery to a place other than the distillery warehouse provided by law, to-wit, to the place above described, knowing and having reasonable grounds to believe that the tax on said spirits had not been paid as required by law.

A motion in arrest of judgment and for a new trial has been made, and numerous points have been presented in support thereof. These points have all received attention, and we find in none of them a ground upon which to arrest judgment, or to direct a new trial.

One point made in regard to the conviction under the first count is that the intent charged was not proved, because there was no evidence that any spirits had ever been completely rectified by the defendant, but only evidence of a partial rectification by him. But there was evidence that the defendant had in his possession a rectifying apparatus, and that illicit spirits had been conveyed to said apparatus in ale barrels, and, in the presence of the defendant, poured into the receiving tub of such apparatus on two different occasions, and under suspicious circumstances. This evidence was sufficient to justify the jury in finding that he was then carrying on the business of a rectifier, with intent to defraud the government of the tax on the spirits there and then rectified by him.

One point made in regard to the conviction upon the third count is that the provision of the statute is intended to apply to cases where the spirits received have been removed from a registered distillery, and has no application to a case where the spirits received are the product of illicit distillation in an unauthorized distillery. But the language of the statute is broad enough to cover the receipt of distilled spirits produced at and removed from an illicit distillery, and no reason has been suggested for giving to the statute a more restricted application than required by the words employed.

Another point made in regard to the conviction on the third count is that there was evidence at the trial that, on the same day on which the information was filed, the district attorney had been told that the spirits received by the defendant were delivered by a man named Malone, whereas the information avers that the spirits were received from some person or persons to the district attorney as yet unknown. This point is an afterthought. No such point was taken at the trial. Some 16 and more requests to charge were presented to the court, and in none of them was there an allusion to any such defect in the evidence; and it is plain to see that the testimony now relied on to show knowledge on the part of the district attorney was elicited at the trial for a totally different purpose. The point not having been made

at the trial, is not available as a ground for granting a new trial. Neither is it ground for arresting the judgment.

"A motion in arrest of judgment can be grounded only on some objection arising on the face of the record, and no defect in the evidence, or irregularity at the trial, can be urged at this state of the proceedings." Heard on Criminal Pleading, 316.

Moreover, this is not the case of an omission to name the defendant or the party injured. It was not necessary to set forth the name of the person who delivered the spirits to the defendant, provided the act of receiving was otherwise sufficiently described. The statute punishes the act of receiving without regard to the manner of receiving or to the person making the delivery. Every form of receiving is made punishable, and evidence as to who was the person making the delivery is not necessary to a conviction. The averment in the information that the person who delivered the spirits to the defendant was unknown to the district attorney was unnecessary, and did not require to be proved.

Much stress has also been laid upon the fact disclosed by the record that Samuel E. Walsch, one of the persons summoned to attend the court as a juror at the January term, and who had been in attendance at court on the day the trial commenced, and whose name was drawn from the jury-box in due order of lot to try the defendant, had departed the court without leave, whereupon it was insisted by the counsel for the defendant that the defendant was entitled to said Walsch as a juror, and objection was made to proceeding with the empanelling of the jury without said Walsch. The objection was overruled, and a jury was selected without said Walsch. No authority binding upon this court has been cited in support of this position taken in behalf of the defendant, and we are not inclined to be the first to declare a rule which would put it in the power of a juryman, by departing from the court room, to prevent the continuance of a trial until such time as he could be found and brought back to the court room.

We are unaware of any principle requiring us to hold that, upon a trial like the present, the fact that a juror's name

is drawn out of a jury-box, in due course of the lot, gives the defendant the legal right to have such person sworn as one of the jury. In *Mansell* v. *The Queen*, 8 E. & D. 79, it is said:

"There is no necessity or right that a person shall be tried by particular jurymen till the prisoner has been given in charge to the jury." See, also, *Hill* v. *Yates*, 12 East, 228.

The case cited from the Alabama reports (*Parsons* v. *State*, 22 Ala. 53) turned upon the provisions of the statute of the state, and appears to have been overruled by a subsequent case in the same state. *Waller* v. *The State*, 40 Ala. 325.

The other points made in behalf of the defendant do not appear to be of sufficient importance to call for remark.

The motions are denied.